UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HASSAN HAYES,

                      Petitioner,

      -against-

                                             **MEMORANDUM & ORDER**

PAUL ANNETTS, Superintendent,                    08 CV 964 (RJD)
     Downstate Correctional Facility

                      Respondent.
-------------------------------------------------------------X
DEARIE, Chief Judge.

      Pro se petitioner Hassan Hayes seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on several grounds including that (i) the trial court impaired his constitutional rights to present a complete defense and to confront the witnesses against him when it precluded him from cross-examining a state witness on a third-party culpability theory, and (ii) his trial counsel was ineffective for, among other things, failing to adequately investigate and prepare his alibi defense. Respondent urges that "[t]o the extent that [petitioner's] claim of ineffective assistance of counsel involves a claim that his prior counsel failed to investigate alibi witness[es] and failed to prevent their memories from dimming," that claim "does not appear on the record." Resp. Mem. at 11. The Appellate Division similarly concluded that "to the extent that [petitioner's] claim of ineffective assistance of counsel involves matters dehors the record, it may not be reviewed on direct appeal." People v. Hayes, 36 A.D.3d 629, 630 (2d Dep't 2007).

      Because petitioner did not raise the off-the-record portion of his ineffectiveness claim in a motion to vacate in the trial court under Section 440.10 of the New York Criminal Procedure Law, as he should have and still may, respondent contends that that portion of the claim is

unexhausted. We agree.

We of course have the authority to reach the merits of an unexhausted claim for purposes of denying the writ, see 28 U.S.C. §2254(b)(2), but we also have the discretion to stay a habeas petition that includes both exhausted and unexhausted claims, if we are not convinced the unexhausted claim is frivolous, to allow a petitioner to litigate the unexhausted claim in the state courts and then return here for review of the perfected petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). Exercising that discretion, we hereby stay this habeas action to allow petitioner to pursue his ineffective assistance of counsel claim as it pertains to the investigation and preparation of his alibi defense in a motion under C.P.L. §440.10 in the state court, and to notify this Court within thirty days after state court review of that claim is complete. The Clerk of the Court is directed to administratively close this case.

SO ORDERED.

Dated: Brooklyn, New York
January /2, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge